**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **MARTHA RAGLAND,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **CV-06-BE-0714-NW** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

Plaintiff, Martha Ragland ("Claimant"), brings this action pursuant to the provisions of

Section 205(g) of the Social Security Act, 42, U.S.C. 405 (g), seeking judicial review of a final,

adverse decision by the Commissioner of Social Security.  Claimant filed applications for Disability

Insurance Benefits and Supplemental Security Income Payments on April 9, 2004. (R. 11).  Her

applications were denied both initially and on reconsideration. (R. 11).  Claimant filed a timely

request for a hearing before an Administrative Law Judge. (R. 11).  The ALJ held a hearing on

September 8, 2005, in Florence, Alabama (R. 11).  In a decision dated November 17, 2005, the ALJ

found that Claimant was not disabled within the meaning of the Social Security Act, and, therefore,

was not eligible for Disability Insurance Benefits and Supplemental Security Income Payments. (R.

3).  On February 3, 2006, the Appeals Council denied Claimant's request for review. (R. 3).

Claimant has exhausted her administrative remedies, and the court has jurisdiction under 42 U.S.C.

§§ 405(g) and 1631 (c)(3).  Based on the court's review of the record and the parties' briefs, the court

concludes that the decision of the Commissioner should be REVERSED and REMANDED to the

Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C § 423(d)(1)(A), a person is entitled to disability benefits when the person cannot

> engage in any substantial gainful activity by reason of any
> medically determinable physical or mental impairment which can
> be expected to result in death or which has lasted or can be
> expected to last for a continuous period of not less than 12 months.

To make this determination, the Commissioner employs a five-step, sequential evaluation process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt 404, Subpt. P, App.1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the
> economy?
>
> An affirmative answer to any of the above questions leads either to
> the next question, or, on steps three and five, to a finding of
> disability.  A negative answer to any question, other than step
> three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986); *see also* 20 C.F.R. §§ 404.1520, 416.920.

The standard for reviewing the Commissioner's decision is limited.  This court must affirm

the Commissioner's decision if the Commissioner applied the correct legal standards and if his

factual conclusions are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Graham v. Apfel*,

129 F.3d 1420, 1422 (11th Cir. 1997); *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).  "No

. . . presumption of validity attaches to the [Commissioner's] legal conclusions, including

determination of the proper standards to be applied in evaluating claims." *Walker*, 826 F.2d at 999.

The Commissioner's factual determinations, however, are not reviewed *de novo*, but are affirmed

if supported by substantial evidence. "Substantial evidence" is "more than a mere scintilla.  It means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The court must "scrutinize the record in its

entirety to determine the reasonableness of the [Commissioner]'s factual findings." *Walker*, 826 F.

2d at 999.  A reviewing court must not look only to those parts of the record that support the decision

of the ALJ, but the court must also view the record in its entirety and take into account of evidence

that detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir.

1986).

### III.  Facts

Claimant was sixty-two years old at the date of the ALJ's decision and has completed the

eighth grade. (R. 11).  Her past work experience includes employment as a care-giver for the elderly,

housekeeper, fast food cook, and sewing machine operator. (R. 12).  Claimant alleges that she

became disabled on February 19, 2004, due to hiatal hernia, back pain, hypertension, vision problems

and eye pain, difficulty walking, finger numbness, leg swelling, reduced strength in hands and

residuals of cataract surgery. (R. 12, 33-37, 54, 55, 63-66, 196, 201-4, 205) .

The record also reflects that Claimant was treated by three doctors[1]: Doctors Brown, Johnson,

and Brummit. (R. 12-13).  Dr. Brown treated Claimant from December 3, 1998 through March 22,

2004, for hypertension, bronchitis, and back pain. (R. 12).  X-rays and CT scans of the lumbar spine

---

[1] A fourth doctor not discussed in this memorandum is Dr. Chapell, an obstetrician/gynecologist, whose records are not relevant to the issues before the court.

taken December 22, 2003 revealed degenerative arthritis within the articular facets of L4, L5 and S1.

Dr. Johnson, a radiologist, noted that no fractures or herniated nucleus pulpos existed. (R. 12). On

March 22, 2004, Dr. Brown noted that Claimant's blood pressure was acceptable. (R. 12; Ex. 1F-3F

and 4F).

Medical records from Florence Clinic's Department of Ophthalmology show that a cataract

was removed from Claimant's right eye in July of 2000. (R. 13).  On April 14, 2004, Dr. Brummit,

an ophthalmologist at the clinic, noted that Claimant's visual acuity was 20/20-1 in the right eye and

20/20 in the left eye. (R. 13).  The ALJ found that Claimant "meets the non-disability requirements

for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social

Security Act and is insured for benefits through the date of this decision." (R. 15).

Employing the five step analysis, the ALJ noted that Claimant had not engaged in substantial

gainful activity since the alleged onset of disability. *Id.*  The ALJ found Claimant's hypertension and

degenerative arthritis to be "severe" based on the requirements in the Regulations 20 C.F.R. §§

404.1520(c) and 416.920(c). *Id.*  The ALJ next found that these impairments did not medically meet

or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. *Id.*  Evaluating

Claimant's testimony regarding her limitations, the ALJ determined that her testimony was

unsubstantiated by objective medical evidence and not totally credible. *Id.*  The ALJ also found this

Claimant was able to perform work at the medium level of exertion.  *Id.*  Furthermore, the ALJ found

that Claimant's residual functional capacity did not preclude her from performing past relevant work.

*Id.*  Claimant's medically determinable hypertension and degenerative arthritis did not prevent her

from performing her past relevant work. *Id.*  Therefore, the ALJ found Claimant was not under a

"disability" as defined in the Social Security Act, at any time through the date of the decision. *Id.*

Claimant appeared without representation at her hearing on September 8, 2005. (R. 217-241).

The ALJ noted the lack of representation, indicating that Claimant had signed Exhibit 6F waiving

the right to counsel. The record contains no Exhibit 6F. Furthermore, the record contains no

testimony of Claimant waiving her right to counsel, although it includes the ALJ's statement that she

has waived that right. When asked if Claimant felt that any additional information needed to be on

the record, Claimant responded, " Well, I didn't much know what I was looking at no way." (R.

219). Claimant did inform the ALJ that in addition to seeing Dr. Brown, she had received treatment

and testing at the offices of Dr. Talley in Nashville on four occasions. (R. 222-224, 226, 231, 232).

Claimant told the ALJ that Dr. Talley had "put me on some kind of arthritic medicine . . . for arthritis

and pain." *Id.* The record contains no medical records from Dr. Talley and no records from Dr.

Brown for the twelve months preceding the hearing.

## IV. Issues

1. Whether the ALJ committed reversible error in failing to properly notify Claimant of her

right to counsel.[2]

2. Whether the ALJ fulfilled his special duty to develop a full and fair hearing.

## V. Discussion

Claimant argues that the ALJ failed to properly notify Claimant of her right to counsel. The

law in this circuit is well-established that a Claimant has a statutory right to have counsel represent

him or her at the hearing, if desired. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *see*

*Holland v. Heckler*, 764 F.2d 1558, 1562 (11th Cir. 1985); *Cowart v. Schweiker*, 662 F.2d 731, 734

---

[2] Claimant presented three other issues for the court's review. Because the court finds
that the ALJ failed to properly inform Claimant of her right to counsel and develop a full and fair
record, it will not address Claimant's other issues.

(11th Cir. 1981).  The ALJ also has a duty to so notify Claimant of the right prior to the hearing.  *See*

*Cowart*, 662 F.2d at 734.  This notice must include both the possibility of obtaining free counsel and

the limitation on the recovery of attorney's fees.  *See Smith v. Schweiker*, 677 F.2d 826, 829 (11th

Cir. 1982).  Claimant may voluntarily waive the right to counsel, but for a waiver to be effective,

Claimant must be "properly apprised of his options concerning representation." *See id* at 828.  In

the instant case, the record does not reflect any evidence that Claimant was ever properly advised

of her option to counsel.[3]

The ALJ stated at the hearing that Claimant had no representation and had signed a waiver

to voluntarily appear without a lawyer.  However, Claimant never acknowledged these facts through

oral testimony and the record does not contain the signed waiver.  The court has searched the record

and hearing transcript and can find no clear evidence that Claimant was properly advised of her

option to have counsel, including the possibility of obtaining free counsel and the limitation on the

recovery of attorney's fees.  Similarly, the record does not clearly state that she ever agreed to

voluntarily continue without counsel.  Accordingly, the court finds that the ALJ committed error;

if he did properly notify Claimant of her right to counsel, he failed to create a proper record of that

notification and waiver.  Claimant's statements on the record do not clearly show that she understood

or knew her rights.  Because no evidence of record establishes that she  voluntarily waived her right

to counsel, the ALJ had a special duty to develop the record fully and fairly

If the Claimant does not voluntarily waive her right  to representation at the hearing, then

the ALJ  is under  a "special duty" to develop a full and fair hearing; he must scrupulously and

---

[3]  When the ALJ asked Claimant whether she felt any further information needed to be
introduced into the record, Claimant responded, "Well, I didn't much know what I was looking at
no way."

conscientiously probe into, inquire of, and explore for all the relevant facts" and to be " especially

diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited."

*Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985). The Code of Federal Regulations requires

the ALJ to develop a "complete medical history for a period of at least the twelve months preceding

the month in which [Claimant files his/her] application." 20 C.F.R. §§ 404.1512 (d).   When

Claimant is not represented, the ALJ's special duty essentially requires a full record complete with

all relevant facts showing that Claimant was not prejudiced by lack of counsel.  *See Kelley v.*

*Heckler*, 761 F.2d at 1540.

> In such a circumstance,

> however, a showing of prejudice must be made before the court will
> find that a hearing violated claimant's rights of due process and
> requires a remand to the Secretary for reconsideration.  This at least
> requires a showing that the ALJ did not have all the relevant evidence
> before him in the record (which would include relevant testimony
> from claimant), or that the ALJ did not consider all of the evidence in
> the record in reaching his decision.

*Kelley v. Heckler*, 761 F.2d at 1540.

In the instant case, Claimant stated that she had seen Dr. Brown two weeks prior to this

hearing. (R. 225-226).  Claimant stated that Dr. Brown had "put me on some more blood pressure

medicine," because her blood pressure was too high.  She further testified that she had gone to the

emergency room the month before the hearing because of leg, hip, back, and chest pain. (R. 227-

228).  However, the ALJ failed to collect records from Dr. Brown or the emergency room that reflect

treatment within the last twelve months preceding Claimant filing for disability.

Claimant also testifies that she had been to Dr. Talley's office approximately four times

within a two to three month period for her arthritis.  Claimant explained that Dr. Talley diagnosed

7

her as suffering from two kinds of arthritis (presumably rheumatoid and osteoarthritis) and that he

prescribed Mobic to treat the arthritis and pain. (R. 222-223; 231).  While under Dr. Talley's care,

Claimant alleges to have received MRIs all over her body, and ultrasounds of her legs and thighs.

(R. 59).  Despite being advised of this alleged treatment, the ALJ failed to perform his special duty

to obtain these records from Dr. Talley's office, just as he failed to obtain the records from Dr.

Brown and the emergency room from 2005.  Presumably, if Claimant had representation, her

attorney would have ensured that the ALJ had access to these records and further ensured that they

became part of the ALJ's record.  The lack of counsel prejudiced Claimant because the ALJ did not

fully develop the Claimant's medical history and, therefore, his abbreviated record did not allow him

to probe into all relevant facts.

Because the ALJ failed to create a proper record establishing Claimant's waiver of her right

to counsel and failed to compile a full record including all of the medical reports, substantial

evidence does not support the ALJ's decision.

### VI.  Conclusion

Accordingly, this case will be REVERSED and REMANDED to the Commissioner to

develop a full and fair record and to determine if Claimant voluntarily waived her right to proceed

without counsel.

A separate order will be entered.

DATED this 13th day of December 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE